UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GUILLERMO LUIS SERRANO,
    *Plaintiff*,

v.

LAURENCE DESIMONE and
HENRY RODRIGUEZ,
    *Defendants*.

No. 3:20-cv-886 (JAM)

**ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A**

Plaintiff Guillermo Luis Serrano is incarcerated at the Hartford Correctional Center. He has filed a complaint *pro se* under 42 U.S.C. § 1983 alleging that his constitutional rights are being violated by the use of an unconstitutionally obtained statement in an ongoing criminal proceeding in state court. After an initial review, I conclude that his claims must be dismissed under the *Younger* abstention doctrine.

**BACKGROUND**

The following allegations from Serrano's complaint are accepted as true only for purposes of this ruling. Serrano was arrested by the police and then transferred to St. Francis Hospital for psychological help. Doc. #1-1 at 1. On June 29, 2018, Serrano was released back into police custody, arraigned, and assigned a court-appointed public defender Michael Wagner. *Ibid.* Later that day, the police told Wagner that Serrano was in the process of being interviewed by the two named defendants in this action—Detectives Laurence Desimone and Henry Rodriguez of the Newington police department. *Ibid.* When Wagner asked the police to stop interviewing Serrano, his request was ignored, and police refused him access to Serrano. *Ibid.*

1

The detectives obtained a statement from Serrano during this interview in alleged violation of the Serrano's rights under the federal and state constitutions. *Ibid.*

On November 6, 2018, Serrano was again arrested and charged with burglary, arson, criminal mischief, and reckless endangerment largely based on the statement he gave to the police on June 29, 2018. Doc. #1 at 3. In this federal lawsuit, he seeks suppression of the statement he gave to the police and for all charges to be dismissed.[1]

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A(a), the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. The Court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless its factual recitations state a claim to relief that is plausible on its face. *See*, *e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014). Nevertheless, it is well-established that "*pro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

---

[1] According to the State of Connecticut Judicial Branch website, Serrano has pending charges for first-degree burglary, first-degree arson, first-degree criminal mischief, and first-degree reckless endangerment. *See State v. Guillermo Serrano*, HHB -CR18-0294443-T, available at State of Connecticut Judicial Branch, Pending Case Detail, https://www.jud2.ct.gov/crdockets/CaseDetail.aspx?source=Pending&Key=ac5019b7-e600-4db4-bd1f-3ce2718b0f1c (last accessed July 29, 2020).

Under the doctrine known as "*Younger* abstention," federal courts generally must "abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) (citing *Younger v. Harris*, 401 U.S. 37, 43–44 (1971)). Based on the notion that state courts are fully capable of enforcing federal constitutional rights, *Younger* abstention is appropriate if there is an ongoing state proceeding that implicates an important state interest and if the state proceeding allows for review of federal constitutional claims. *See Diamond*, 282 F.3d at 198.

Those criteria are met here. First, Serrano is a defendant in an ongoing proceeding that implicates the State's important interest in the enforcement of its criminal laws. *See Disability Rights New York v. New York*, 916 F.3d 129, 133 (2d Cir. 2019) (noting *Younger*'s application to state criminal proceedings). Second, there is no reason to suppose that Serrano will be prevented from raising his constitutional claims in the state courts of Connecticut.

Moreover, it is a "well-settled rule that a federal injunction is not to be used to test . . . the admissibility of evidence in a state criminal proceeding." 17B *Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure* § 4251 (3d ed.). "The propriety of arrests and the admissibility of evidence in state criminal prosecutions are ordinarily matters to be resolved by state tribunals, subject, of course, to review by certiorari or appeal in this [Supreme] Court or, in a proper case, on federal habeas corpus." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971) (citation omitted) (applying *Younger* to foreclose a claim requesting a federal court to suppress evidence in a state court proceeding). Accordingly, I conclude that *Younger* abstention warrants dismissal of Serrano's complaint.

## CONCLUSION

In accordance with 28 U.S.C. § 1915A, the Court DISMISSES the complaint. This dismissal is without prejudice in the event that Serrano has plausible grounds to allege that he is unable to obtain review of his federal constitutional claims in his ongoing state court proceedings.

It is so ordered.

Dated at New Haven this 31st day of July 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge